IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MARIO MISAEL CORDOVA AREVALO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:25-cv-2460 (AJT-IDD) |
| RUSSELL HOTT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Before the Court is Petitioner Mario Misael Cordova Arevalo's Motion for Respondents to Show Cause as to why they found Petitioner to be a flight risk, [Doc. No. 9], (the "Motion") in which he challenges, in substance, the constitutional adequacy of the bond hearing he received pursuant to the Court's Order dated January 23, 2026, [Doc. No. 6]. *See* [Doc. No. 10] ("Mot.") at at 16 (requesting this Court to "[f]ind that the bond hearing did not comply with this Court's order requiring a hearing that satisfies the requirements of due process."). Upon consideration of the Motion, the memoranda in opposition thereto [Doc. Nos. 12, 15], the audio recording of Petitioner's bond hearing, and for the reasons stated herein, the Court concludes that the Petitioner did not receive a constitutionally compliant bond hearing. The Motion is **GRANTED** and the Respondents are ordered to either release Petitioner or conduct an individualized bond hearing consistent with this Order.

Petitioner is a native and citizen of Guatemala, who entered the United States without inspection on November 14, 2015. [Petition] ¶¶ 1, 4. On or about December 23, 2025, Petitioner was arrested and taken to the Caroline Detention Center, where he remains. *Id.* ¶¶ 2-3. By Order dated January 23, 2026, the Court determined that Petitioner's ongoing detention pursuant to 8 U.S.C. § 1225(b)(2) violates the INA and the Fifth Amendment of the Constitution and ordered

that Respondents provide Petitioner with a bond hearing before an IJ pursuant to the procedures outlined in 8 U.S.C. § 1226(a) within seven days of the date of the Court's Order, and that Respondents file a status report with this Court within three days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial. On January 30, 2026, the Respondents filed a Notice that "[t]he Immigration Court held a bond hearing for petitioner, at which time petitioner was denied bond as a flight risk." [Doc. No. 7]. No further explanation of the Immigration Court's decision was provided in that Notice; however on February 11, 2026, Petitioner filed his own status report comprising, *inter alia*, a summary of the bond hearing and copies of the motion and exhibits presented to the IJ at that hearing [Doc. No. 8], after which Respondents, with the Court's leave, also filed an audio recording of Petitioner's bond hearing, which the Court has considered, [Doc. Nos. 13, 14].

The record shows that Petitioner's counsel attended the hearing in person with at least three U.S.-citizen sponsors (with Petitioner attending remotely from detention) and that during that hearing the parties discussed the following written evidence presented by Petitioner: ten sworn letters of support by U.S. citizens; proof of Petitioner's marriage to his U.S. citizen spouse; evidence that he owns a home and an automobile, that he is enrolled in a Theological Studies Program, and that he donated extensively to his church; and a draft Form EOIR-42B proffered to show his prima facie eligibility for cancellation of removal on grounds that his wife depends upon him for medical reasons;[1] that he has lived in Maryland for at least six years ([Doc. No. 8-1] at 30, 93, 96) and has worked consistently, including the last four years as a carpenter foreman for the same employer ([Mot.] at 10); that he has family in the area including his brother and a cousin on

---

1 The IJ found at the hearing that Petitioner's application for cancellation of removal was unlikely to be approved because the evidence regarding his wife's medical condition did not establish the likelihood that she would suffer extremely unusual hardship in the event of his removal, as required by 8 U.S.C. § 1229b(b)(1)(D).

his wife's side (both of whom wrote letters of support) ([Mot.] at 5–6; [Doc. No. 8-1] at 124–27); and that he serves as a youth leader at his church and is enrolled in a theological studies program ([Mot.] at 6; [Doc. No. 8-1] at 91, 102); that he has no criminal record or record of immigration violations other than his entry without inspection, and has never attempted to flee from prosecution or other authorities. [Mot.] at 7; [Petition] ¶¶ 1, 4, 47; and that he was previously in removal proceedings and attended all court appointments. [Mot.] at 16. At the conclusion of the hearing, the IJ ruled that Petitioner was not a danger to the community but that Petitioner had failed to meet his burden of showing that he was not a flight risk. [Mot.] at 7. The IJ expressly based his determination on the following: (1) that Petitioner entered the United States unlawfully; (2) that he had continued to work for his then-employer after the expiration in 2024 of his work permit; (3) and that there "was no evidence that he had paid any taxes" or "properly accounted for his income."

On February 26, 2026, Petitioner filed the Motion stating that the IJ impermissibly denied bond based on his conclusion that Petitioner is a flight risk. In their response to the Motion, the Respondents do not contend that the evidence showed that the Petitioner was a flight risk or that the grounds on which he was determined to be a flight risk were constitutionally adequate, but contend only that the Court lacks jurisdiction to review the IJ's bond decision under 8 U.S.C. § 1226(e) and 8 U.S.C. § 1252(a)(2)(B)(ii). [Doc. No. 12].

As an initial matter, the Court again concludes that it retains jurisdiction to review whether Respondents provided Petitioner with a constitutionally compliant bond hearing. See *Mendez Trigueros v. Guadian*, 1:26-cv-205-AJT-WPB, Doc. No. 13 (E.D. Va. Feb. 18, 2026). Section 1226(e) provides:

The Attorney General's discretionary judgment regarding the application of [§ 1226] shall

not be subject to review. No court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e).

In *Miranda v. Garland*, the Fourth Circuit considered a due process challenge to § 1226(a) bond hearing procedures and held that Section 1226(e) does not deprive the federal courts of jurisdiction to review whether the factors and procedures used in bond determinations are constitutionally compliant. *Miranda*, 34 F.4th 338, 352–54 (4th Cir. 2022) (holding that § 1226(e) does not bar constitutional review of whether § 1226(a) bond hearings violate the due process clause). And this Court, relying on *Miranda*, has previously recognized that a motion, such as this one, "challenges, not so much the merits of [the IJ's] bond determination, although that challenge is implicit in its position, but at its core whether in making that bond determination the IJ considered those factors necessary to make its determination constitutionally compliant." *See*, *Mejia Orozco v. Lyons, et al.*, No. 1:25-cv-01762, Doc. No. 20 (E.D. Va. Dec. 1, 2025), (rejecting government's argument that Sections 1226(e) and 1252(a)(2)(B) strips the Court of jurisdiction to review whether the IJ's denial of bond to the Petitioner because he is a flight risk based solely on the denial of his application for cancellation of removal proceedings complies with constitutional due process requirements).

In *Miranda,* the Fourth Circuit also considered the types of factors and procedures that would satisfy due process and afford a noncitizen a constitutionally compliant bond hearing. Recognizing that neither the INA nor the Constitution "mandate[s] the factors that must be considered in determining whether to grant bond," the Court of Appeals nevertheless recognized as useful "guidance" the  following non-exclusive factors that the BIA had recognized in *In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006) "in determining whether bond is warranted and under

what conditions" to ensure "substantial process."

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Miranda*, 34 F.4th at 362 n.10 (citing *In re Guerra*, 24 I. & N. Dec. at 40).

With the benefit of the pronouncements in *Miranda,* the Court has had occasion to review the constitutional adequacy of an Immigration Judge's determination at a Section 1226(a) bond hearing. *See, e.g. Garcia Fuentes v. Guadian*, No. 1:26-cv-142-AJT-LRV, Doc. No. 14 (E.D. Va. March 10, 2026); *Mendez Trigueros*, 1:26-cv-205-AJT-WPB, Doc. No. 13. As the Court has previously stated, in assessing whether a bond hearing is constitutionally compliant, the Court must assess whether the denial of bond is supported by evidence that has a sufficient level of probative value to provide the constitutionally required level of due process. Here, the three grounds upon which bond was denied based on flight risk, either alone or collectively, do not have that constitutionally required level of probative value.

The fact that Petitioner worked without authorization is inextricably related to the unlawful status that has caused his detention and request for a bond hearing in the first place. Were a noncitizen's unlawful status, and the unauthorized employment that often, if not typically, attaches to it, a proper basis upon which to deny bond, the discretionary detention under § 1226(a), with its prescribed bond hearing, which allows for a noncitizen to be released if they are not a danger to the community or a flight risk, 8 C.F.R. § 236.1(c)(8), would become a *de facto* mandatory § 1225 detention. Moreover, it is difficult to see how any reasonable inference of flight risk could be

drawn from a history of steady employment, even if unauthorized; if anything, such employment undercuts any finding of flight risk. *See*, *Mendez Trigueros*, 1:26-cv-205-AJT-WPB, Doc. No. 13. The other basis upon which bond was denied – that there "was no evidence that he had paid any taxes" or "properly accounted for his income" – likewise has no clear evidentiary relationship to Petitioner's being a flight risk and is contradicted by evidence in the record. [2]

In sum, as it has done in the past (*See, e.g. Garcia Fuentes v. Guadian*, No. 1:26-cv-142-AJT-LRV, Doc. No. 14 (E.D. Va. March 10, 2026); *Mendez Trigueros*, 1:26-cv-205-AJT-WPB, Doc. No. 13; *Aguilon-Fuentes v. Bondi*, 1:26-cv-167 (AJT-WEF), Doc. No. 14 (E.D. Va. Feb 24, 2026)), the Court again concludes, with increasing concerns about the adequacy of the bond hearing process, that the Petitioner was denied bond based on a constitutionally deficient bond hearing.

For the above reasons, it is hereby

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that within 3 days of this Order, the Respondents either release Petitioner or provide him with an individualized constitutionally compliant bond hearing consistent with this Order; and that if a bond hearing is provided, Respondents notify this Court within 24 hours of the bond hearing's decision and if bond is denied, the reasons for denial of bond.

The Clerk is directed to send copies of this Order to all counsel of record.

Alexandria, Virginia
March 11, 2026

Anthony J. Trenga
Senior United States District Judge

---

[2] At the hearing, Plaintiff submitted four years of tax returns ([Doc. No. 8-1] at 35–85).